David Ward
**KLUGER HEALEY, LLC**
521 Newman Springs Road, Suite 23
Lincroft, NJ  07738
732-852-7500
Attorneys for Defendants Valvoline Instant
Oil Change and Galena Associates, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE CO., ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>VALVOLINE INSTANT OIL CHANGE, and GALENA ASSOCIATES, LLC, AMERICAN HONDA MOTOR CO., INC., AND MIDDLETOWN HONDA,<br><br>Defendants. | CIV. NO.  24cv1825 (CS)<br><br><br><br>**STIPULATION OF CONFIDENTIALITY** |

WHEREAS, in connection with this lawsuit, the parties anticipate that certain information will be sought from Defendants in discovery which Defendants claim is non-public, confidential, or proprietary in nature; and

WHEREAS, Defendants wish to protect and preserve the confidentiality of such information.

NOW, THEREFORE, in consideration of the mutual covenants, terms, and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Any party to this litigation and any third party shall have the right to designate as "Confidential" any information, document, or thing, or portion of any document or thing: (a) that contains materials generated by or in the possession of the party which is not generally disclosed to the public, (b) that the information contains private, proprietary or confidential information, and (c) which the producing party otherwise believes in good faith to be entitled to protection. Any party to this litigation or any third party, who produces or discloses any Confidential material, including, without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY AGREEMENT" (hereinafter "Confidential").

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b.  Outside experts or consultants retained by outside counsel for purposes of this action but only to the extent such experts or consultants need to review or know such Confidential material in order to provide relevant advice or testimony;

c.  Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.  The Court and court personnel;

e.  Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, if the producing party consents to such disclosure;

f.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, but in each case only to the extent such vendors and support personnel need to know such information in order to provide the services for which they are retained; and

g.  The parties. In the case of the parties that are corporations or other business

3

      entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit as well as any employees whose knowledge related to such Confidential materials may be relevant to the lawsuit.

4.     Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5.     With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d), (f) and (g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d), (f) and (g) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall file a motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

5

7.  If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

8.  To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Agreement.

9.  When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with the provisions of this Agreement. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's designation of any material

as Confidential if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

10. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Stipulation. For the avoidance of doubt, information or material that is distributed by Valvoline Instant Oil Change Franchising, Inc. to its franchisees shall not be deemed to be in the public domain unless the receiving party can demonstrate by competent evidence that such information or material was known outside the franchise system at or before the time of disclosure.

11. This Stipulation shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Stipulation is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

12. This Stipulation shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

13. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy all copies of Confidential material

*except* for Confidential material constituting attorney work product or any material warranting work-product privilege, as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes and work-product purposes, subject to the provisions of this Stipulation. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

The undersigned counsel for all parties appearing herein agree to be bound by the terms and conditions of this agreement, dated June 30, 2025.

| DE LUCA LEVINE<br><br>By: /s/ William S. Brennan<br>William M. Brennan, Esq.<br>*Attorneys for Plaintiffs* | KLUGER HEALEY, LLC<br><br>By: [signature]<br>David A. Ward, Esq.<br>*Attorneys for Defendants Galena Associates, LLC and Valvoline Instant Oil Change* |
|---|---|
| GREENBAUM, ROWE, SMITH & DAVIS, LLP<br><br>By: /s/ C. Brian Kornbrek<br>C. Brian Kornbeck, Esq.<br>*Attorneys for Defendant American Honda Motor Co., Inc.* | WOOD, SMITH, HENNING & BERMAN, LLP<br><br>By: [signature]<br>Kevin T. Fitzpatrick, Esq.<br>*Attorneys for Defendant Middletown Honda* |

**BY THE COURT:**

By: _____  7/10/25
Honorable Cathy Seibel, U.S.D.J.